USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 2 2 2013



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER
ROOM 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL
(212) 336-0535

August 21, 2013

**By Email**

The Honorable Alison J. Nathan
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    SEC v. Blech et ano., 12 Civ. 3703 (AJN/SN)

Dear Judge Nathan:

I am counsel for the Plaintiff Securities and Exchange Commission ("Commission") in the above-captioned action. On behalf of the parties to this action, I have enclosed signed Consents and proposed Final Judgments for defendants David Blech and Margaret Chassman.

    **A. Procedural History**

The Commission's May 9, 2012 Complaint in this action (the "Complaint") alleged that Blech conducted a market manipulation scheme in violation of the anti-fraud provision of the federal securities laws, and that Blech and his wife, Chassman, engaged in other violations of the federal securities laws. Specifically, the Complaint alleged that Blech established more than 50 brokerage accounts in the names of family members, friends, and closely-related entities. The Complaint alleged that Blech used those accounts to buy and sell significant amounts of stock in two biopharmaceutical companies in order to create the artificial appearance of activity in their securities so he could maintain their market price and use it to his financial advantage. Blech, who was previously convicted of securities fraud in 1998, also solicited investments for biopharmaceutical companies – including the two companies whose stock he manipulated – despite being barred by the Commission from acting as a broker-dealer. The Complaint further alleged that Blech and his wife, Chassman, violated the registrations provisions of the federal securities laws when they made unregistered sales of securities and failed to disclose their transactions in various brokerage accounts.

On May 9, 2012, in a related criminal case, Blech pled guilty to two counts of securities fraud for market manipulation, based on his scheme to manipulate the price of the two biopharmaceutical companies' stocks. *United States v. David Blech*, 1:12-CR-372 (S.D.N.Y.) (CM). On May 2, 2013, Blech was sentenced to 48 months of imprisonment, three years of supervised release, a $200 special assessment and $1,338,000 in forfeiture. *Id.*

August 21, 2013
Page 2

B. **Proposed Consent Judgments**

As part of the proposed settlement the Commission is submitting for the Court's review, Blech and Chassman each consent to a Final Judgment that grants injunctive relief designed to prevent future misconduct, requires Blech and Chassman to disgorge their illicit gain from the conduct alleged in the Complaint, and imposes a civil penalty against Chassman. The proposed settlement also appropriately takes into account the forfeiture that Blech was ordered to pay in the parallel criminal case. The proposed Final Judgments:

a. permanently enjoins Blech from violating Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") and Sections 10(b), 13(d), 15(a), 15(b)(6)(B), and 16(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rules 10b-5, 13d-1, 13d-2, and 16a-3 thereunder;

b. permanently enjoins Chassman from violating Sections 5(a) and 5(c) of the Securities Act, and Sections 13(d) and 16(a) of the Exchange Act, and Rules 13d-1, 13d-2, and 16a-3 thereunder;

c. prohibits Blech and Chassman, for a period of five years, from engaging or participating in any unregistered offering of securities conducted in reliance on Rule 506 of Regulation D, including by occupying any position with, ownership of, or relationship to the issuer enumerated in 17 C.F.R. § 230.506(d)(1);

d. directs Blech to comply with the prior Commission order barring him from association with a broker or dealer pursuant to Section 21(e) of the Exchange Act;

e. prohibits Blech from directly or indirectly: purchasing any stock; promoting, advertising, or marketing any issuer of any stock; causing the promotion, advertising, or marketing of any issuer of any stock; or deriving compensation from the promotion, advertising, or marketing of any issuer of any stock; unless that stock is: (i) listed on a national securities exchange; and (ii) has had a market capitalization of at least $50,000,000 for 90 consecutive days;

f. imposes a penny stock bar against Blech;

g. orders Blech to pay disgorgement of $2,073,098.00, plus prejudgment interest of $297,101.84, but provides that a portion of the disgorgement, $1,338,000.00, shall be offset, on a dollar for dollar basis, by the $1,338,000.00 Blech was ordered to forfeit in a related criminal case, *United States v. David Blech*, 1:12-CR-372 (S.D.N.Y.) (CM), resulting in $735,098.00 disgorgement plus prejudgment interest of $297,101.84 to be paid pursuant to a one year payment plan (Blech's disgorgement and prejudgment interest include the disgorgement and prejudgment interest that Blech and Chassman will be jointly and severally liable for as detailed in (h));

August 21, 2013
Page 3

h.  orders Chassman to pay, jointly and severally with Blech, disgorgement of $415,248 plus prejudgment interest of $59,486.72, to be paid pursuant to a one year payment plan; and

i.  orders Chassman to pay a civil penalty of $75,000, to be paid pursuant to a one year payment plan.

\* \* \*

The Commission respectfully requests that Your Honor enter the proposed Final Judgments for Blech and Chassman. We are available for a conference should the Court have any questions.

Respectfully submitted,

Charles D. Riely
Senior Counsel

cc:  Roland Riopelle and Diane Ferrone (Counsel to David Blech) (via email)
Gordon Mehler (Counsel to Margaret Chassman) (via email)