```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: AUG 2 2 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— :

SECURITIES AND EXCHANGE COMMISSION,          :
                                              :
                          Plaintiff,          :
                                              :
          -against-                           :          12-Civ-3703 (AJN)
                                              :
DAVID BLECH                                    :
and                                           :
MARGARET CHASSMAN,                            :
                                              :          ECF CASE
                                              :
                          Defendants.         :
                                              :
——————————————————————— :

## FINAL JUDGMENT AS TO DEFENDANT DAVID BLECH

The Securities and Exchange Commission having filed a Complaint ("Complaint")

against defendant David Blech ("Defendant"); Defendant having entered a general appearance;

consented to the Court's jurisdiction over him and the subject matter of this action; consented to

entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any

right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and his

agents, servants, employees, attorneys, and all persons in active concert or participation with

them who receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

1

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

    (a)     to employ any device, scheme, or artifice to defraud;

    (b)     to make any untrue statement of a material fact or to omit to state a material fact

           necessary in order to make the statements made, in the light of the circumstances

           under which they were made, not misleading; or

    (c)     to engage in any act, practice, or course of business which operates or would

           operate as a fraud or deceit upon any person.

II.

       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and his agents, servants, employees, attorneys, and all persons in active concert or participation

with them who receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933

(the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any

means or instruments of transportation or communication in interstate commerce or by use of the

mails, directly or indirectly:

    (a)     to employ any device, scheme, or artifice to defraud;

    (b)     to obtain money or property by means of any untrue statement of a material fact

           or any omission of a material fact necessary in order to make the statements

           made, in light of the circumstances under which they were made, not misleading;

           or

    (c)     to engage in any transaction, practice, or course of business which operates or

           would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from any violation of Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-1 thereunder [17 C.F.R. § 240.13d-1]: (a) by failing within ten (10) days after acquiring, directly or indirectly, whether singly or as part of a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding, voting or disposing of securities, the beneficial ownership of more than five (5) percent of (A) any equity security of a class which is registered pursuant to Section 12 of the Exchange Act, or (B) any equity security of an insurance company which would have been required to be so registered except for the exemption contained in Section 12(g)(2)(G) of the Exchange Act, or (C) any equity security issued by closed-end investment company registered under the Investment Company Act of 1940 [15 U.S.C. § 80a-1, et seq.], to file or cause to be filed with the Commission, and to send or cause to be sent to the issuer of such equity security and to any national securities exchange where such equity security is traded, the statements containing information required by Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-1 thereunder [17 C.F.R. § 240.13d-1]; and (b) are further permanently restrained and enjoined from violating Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-2 thereunder [17 C.F.R. § 240.13d-2] by failing, if any material change occurs in the facts set forth in such statements, promptly to file or cause to be filed with the Commission and to send or cause to be sent to the issuer of such equity security and to any national securities exchange

where such equity security is traded, the amendments to such statements required by Section

13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-2 therunder [17 C.F.R. § 240.13d-

2] and Schedule 13D [17 C.F.R. § 240.13d-101].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and his agents, servants, employees, attorneys, and all persons in active concert or participation

with them, who receive actual notice of this Final Judgment, by personal service or otherwise,

and each of them, are permanently restrained and enjoined from violating, directly or indirectly,

Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule 16a-3 [17 C.F.R. § 240.16a-3]

thereunder, by failing to file, by improperly filing, or filing inaccurate information in statements

with the Commission regarding ownership of an issuer's securities, registered pursuant to

Section 12 of the Exchange Act [15 U.S.C. § 78l], as well as any changes in ownership of such

securities.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and his agents, servants, employees, attorneys, and all persons in active concert or participation

with them, who receive actual notice of this Final Judgment, by personal service or otherwise,

and each of them, are permanently restrained and enjoined from violating, directly or indirectly,

Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)], by using any means or instrumentality

of interstate commerce, or of the mails, or of any facility of any national securities exchange to

effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security

(other than an exempted security or commercial paper, bankers' acceptances, or commercial

bills) unless such person is registered with the Commission as a broker or dealer in accordance with Section 15(b) of the Exchange Act.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from (a) violating the Order entitled "In the Matter of David Blech" Exchange Act Release No. 43693 (December 8, 2000) ("December 2000 Order"); or (b) violating, directly or indirectly, Section 15(b)(6)(B) of the Exchange Act [15 U.S.C. § 78o(b)(6)(B)] by willfully becoming, or being, associating with a broker or dealer in contravention of the December 2000 Order.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are prohibited from directly or indirectly:   purchasing any stock;  promoting, advertising, or marketing any issuer of any stock; causing the promotion, advertising, or marketing of any issuer of any stock, or deriving compensation from the promotion, advertising, or marketing of any issuer of any stock; unless that stock is: (i) listed on a national securities exchange; and (ii) has had a market capitalization of at least $50,000,000 for 90 consecutive days.

6

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $2,073,098.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest of $297,101.84, provided, however, that Defendant's obligation to pay disgorgement will be credited dollar for dollar by the $1,338,000.00 of forfeiture ordered by United States District Court of New York in the criminal action titled, *United States v. David Blech*, 1:12-CR-372 (S.D.N.Y.) (CM), resulting in a disgorgement of $735,098.00, together with prejudgment interest of $297,101.84. Defendant's disgorgement and prejudgment interest includes the $415,248 of disgorgement and $59,486.72 of prejudgment interest for which Defendant and defendant Margaret Chassman are liable on a joint and several basis.

Defendant shall satisfy his monetary obligations under this Final Judgment by paying $1,032,199.84 pursuant to the terms of the payment schedule set forth in paragraph XI below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

     Enterprise Services Center
     Accounts Receivable Branch
     6500 South MacArthur Boulevard
     Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Blech's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment].  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED Blech shall pay the total

of disgorgement and prejudgment interest due of $1,029,199.84 in three installments to the

Commission according to the following schedule:  (1) $50,000.00, within 14 days of entry of this

Final Judgment; (2) $491,099.92 within 180 days from the entry of this Final Judgment; and (3)

$491,099.92 within 360 days from the entry of this Final Judgment.  Payments shall be deemed

made on the date they are received by the Commission and shall be applied first to post judgment

interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of

the entry of Final Judgment.  Prior to making the final payment set forth herein, Blech shall

contact the staff of the Commission for the amount due for the final payment.

If Blech fails to make any payment by the date agreed and/or in the amount agreed

according to the schedule set forth above, all outstanding payments under this Final Judgment,

including post-judgment interest, minus any payments made, shall become due and payable

immediately at the discretion of the staff of the Commission without further application to the

Court.

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that for a period of five

years from the date of this Final Judgment, Defendant shall not engage in or participate in any

unregistered offering of securities conducted in reliance on Rule 506 of Regulation D (17 C.F.R.

§ 230.506), including by occupying any position with, ownership of, or relationship to the issuer enumerated in 17 C.F.R. § 230.506(d)(1).

## XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## XIV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## XV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2013

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | 12-Civ-3703 (AJN) |
| | : | |
| DAVID BLECH | : | |
| and | : | |
| MARGARET CHASSMAN, | : | |
| | : | ECF CASE |
| | : | |
| Defendants. | : | |

## CONSENT OF DEFENDANT DAVID BLECH

1.    Defendant David Blech ("Defendant") waives service of a summons and the complaint in this action ("Complaint"), enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in this action. Specifically, in United States v. David Blech, 1:12-cr-372 (S.D.N.Y.), Defendant pleaded guilty to two violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5]. In connection with that plea, Defendant admitted the facts set out in the transcript of his plea allocution that is attached as Exhibit A to this Consent. This Consent shall remain in full force and effect regardless of the outcome of any future proceedings in United States v. David Blech, 1:12-cr-372 (S.D.N.Y.).

1

3. Defendant hereby consents to the entry of the final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violation of Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c) and 77q(a)] and Sections 10(b), 13(d), 15(a), 15(b)(6)(B) and 16(a) of the Exchange Act [15 U.S.C. §§ 78j(b), 78m(d), 78o(a), 78o(b)(6)(B) and 78p(a)] Rules 10b-5, 13d-1, 13d-2 and 16a-3 [17 C.F.R. §§ 240.10b-5, 240.13d-1, 240.13d-2 and 240.16a-3];

    (b) directs Defendant to comply with the Commission's prior order barring Defendant from association with a broker or dealer pursuant to Section 21(e) of the Exchange Act [15 U.S.C. 78u(e)], *In the Matter of David Blech*, Exchange Act Release No. 43693 (December 8, 2000);

    (c) prohibits Defendant from directly or indirectly: purchasing any stock; promoting, advertising, or marketing any issuer of any stock; causing the promotion, advertising, or marketing of any issuer of any stock; or deriving compensation from the promotion, advertising, or marketing of any issuer of any stock; unless that stock is: (i) listed on a national securities exchange; and (ii) has had a market capitalization of at least $50,000,000 for 90 consecutive days;

    (d) orders Defendant to be permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any

2

equity security that has a price of less than five dollars, except as provided

in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1];

(e)   orders Defendant to pay disgorgement in the amount of $2,073,098.00,

plus prejudgment interest of $297,101.84, provided, however, that

Defendant's obligation to pay disgorgement will be credited dollar for

dollar by the $1,338,000.00 of forfeiture ordered by United States District

Court of New York in the criminal action titled, *United States v. David

Blech*, 1:12-CR-372 (S.D.N.Y.) (CM), resulting in of disgorgement

amount of $735,098.00 plus prejudgment interest of $297,101.84, to be

paid pursuant to a one year payment plan as detailed in subparagraph (f);

and

(f)   orders Defendant to pay the total of disgorgement and prejudgment

interest due of $1,032,199.84 in three installments to the Commission

according to the following schedule:  (1) $50,000, within 14 days of entry

of this Final Judgment; (2) $491,099.92 within 180 days from the entry of

this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. §

1961; and (3) $491,099.92 within 360 days from the entry of this Final

Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961.

4.      Defendant agrees that, for a period of five years from the date of the Final

Judgment, Defendant shall not engage in or participate in any unregistered offering of securities

conducted in reliance on Rule 506 of Regulation D (17 C.F.R. § 230.506), including by

occupying any position with, ownership of, or relationship to the issuer enumerated in 17 C.F.R.

§ 230.506(d)(1).

3

5.      Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

6.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11.     Defendant waives service of the Final Judgment and agrees that entry of the Fianl Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

12.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

13.     Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction

while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant acknowledges the guilty plea for related criminal conduct described in paragraph 2 above, and agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15.    In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at

6

depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

16.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

17.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.


Dated: 8/7/13

_____
David Blech


On August 7, 2013, David Blech, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.


_____
Notary Public
Commission expires:

MAURICE SERCARZ
Notary Public State of New York
No. 02SE4955394
Qualified in New York County
Commission Expires April 24, 20_14_


Approved as to form:

_____
Roland G. Riopelle
Sercarz & Riopelle, LLP
Carnegie Hall Tower
152 W. 57th Street, 24th Floor
New York, New York 10019
*Attorney for Defendant David Blech*

8